UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SASHA M. JONES,

        Plaintiff,

v.                                                        Case No. 12-11706
                                                 Honorable Patrick J. Duggan

CHASE BANK N.A. and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.

        Defendants.

_____/

## OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION FOR JUDGMENT OF DEFAULT AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS

On March 19, 2012, Plaintiff Sasha M. Jones ("Plaintiff") initiated this action in the Circuit Court for Oakland County, Michigan, seeking to quiet title to real property in Madison Heights, Michigan ("property"). Defendants removed Plaintiff's Complaint to federal court on April 17, 2012, based on diversity jurisdiction. The Court also has federal question jurisdiction, as Plaintiff's Complaint asserts violations of several federal laws. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff's motion for judgment of default, filed respectively on April 24 and May 21, 2012. The Court is dispensing with oral argument with respect to the motions pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants Defendants' motion and denies Plaintiff's motion.

## I.      Motion for Judgment of Default

Plaintiff seeks a default judgment against Defendants.  A plaintiff may seek a default judgment where a defendant fails to plead or otherwise defend.  *See* Fed. R. Civ. P. 55.  Defendants, however, have filed a pleading in response to Plaintiff's Complaint. They filed a timely motion to dismiss.  Plaintiff therefore is not entitled to a default judgment.

## II.     Motion to Dismiss

### A.      Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct.  *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).  This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

2

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true.  *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).  Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965.  A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Id.*  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a pro se complaint.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972).  Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions.  *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

**B.     Analysis**

Plaintiff refers to various federal and state laws in her Complaint, without stating specifically how Defendants violated these laws and/or any factual allegations to support a violation.  The only discernible factual allegations in the Complaint refer to three documents apparently discharging mortgages on the property, which Plaintiff asserts were

3

fraudulent.  She fails to allege how they are fraudulent or how she was harmed by the documents.

As such, Plaintiff fails to plead "factual content [that] allows the [C]ourt to  draw the reasonable inference that the [D]efendant[s are] liable for the misconduct alleged." *Iqbal, supra*.  Simply asserting that Defendants violated various statutes is not sufficient to satisfy Rule 8's pleading requirements, as mere legal conclusions are not presumed true.  *Id*.  Plaintiff must present enough facts to suggest that her claims are plausible.  She falls far short of this task and fails to suggest in her response brief that, if allowed to amend her complaint, she could assert facts to support the alleged violations.

Plaintiff cites Federal Rule of Civil Procedure 15(a) in response to Defendants' motion and argues that a plaintiff is entitled to amend her complaint when a responsive pleading has not been filed.  Plaintiff, however, has not followed the proper procedures for seeking leave to amend.  *See* Fed. R. Civ. P. 7(b).  She has not filed a motion to amend her complaint, submitted a proposed amended complaint, or made an attempt to show how she could cure the deficiencies in her Complaint via an amendment.  *See PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) ("[A] bare request in an opposition to a motion to dismiss– without any indication of the particular grounds on which amendment is sought, cf. Fed. R. Civ. P. 7(b)– does not constitute a motion within the contemplation of [Fed.R.Civ.P.] 15(a).").  A court is not required to allow amendments that would be futile and would not withstand a motion to dismiss.  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

4

Plaintiff also asserts in response to Defendants' motion that she (1) "has proper standing to raise Defendants['] lack of legitimate interest in the alleged indebtedness"; (2) has evidence of Defendants' violation of the federal Fair Credit Debt Collection Practices Act and that "Defendants made false representations as to an outstanding mortgage debt; (3) "can establish legal violations to demonstrate the need to quiet title." (Pl.'s Resp. Br. at 6-7.) Again, however, Plaintiff presents no facts to support these assertions.

In short, Plaintiff fails to plead "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal, supra*. Further, Plaintiff fails to demonstrate that she could cure the deficiencies in her Complaint if she moved for and was granted the opportunity to amend.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for judgment of default is **DENIED**.

Dated: June 12, 2012                    s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Sasha M. Jones
301 W. Kalama
Madison Heights, MI   48071

Joseph H. Hickey, Esq.
Kyle R. Dufrane, Esq.
Thomas H. Trapnell, Esq.

5